FILED
2023 Oct-05  PM 05:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **Brenda Palmer,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO.:** _____ |
| ) | |
| **Midland Credit Management, Inc.,** *et* ) | |
| *al.,* ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Midland Credit

Management, Inc. ("Midland") hereby removes this action to the United States

District Court for the Northern District of Alabama and further states as follows:

1.       Plaintiff Brenda Palmer filed this action against Midland and several

fictitious defendants in the Circuit Court of Jefferson County, Alabama

(Birmingham Division) on August 30, 2023.[1]  In her complaint, Plaintiff asserts a

---

[1] *See Brenda Palmer v. Midland Credit Management, Inc.; et al.*, Pl.'s Compl., No. 2023-cv-903069.00 (Cir. Ct. Jefferson Cnty., Ala. (Birmingham Div.), Aug. 30, 2023).  Along with the other requisite underlying court filings and submissions, a copy of Plaintiff's complaint is included within Exhibit 1 hereto.

single claim—*i.e.*, a federal Fair Debt Collection Practices Act ("FDCPA") count against Midland.[2]

2.      Plaintiff's complaint alleges that Plaintiff suffered injuries and damages and that such claimed injuries and damages were caused by Midland, and Plaintiff is seeking redress for said alleged injuries and damages in this litigation.[3]

3.      Plaintiff's complaint was served on Midland's registered agent on September 5, 2023.[4]

4.      This notice of removal is timely given that it is being filed within thirty (30) days of Midland's receipt of Plaintiff's complaint.  *See* 28 U.S.C. § 1446(b)(1).

5.      This Court has jurisdiction over this action on the basis of federal question jurisdiction in that Plaintiff's complaint asserts a single claim, and said claim arises under the Constitution, laws, or treaties of the United States—*i.e.*, Plaintiff's FDCPA (*see* 15 U.S.C. § 1692, *et seq.*) count.[5]  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under

---

[2] *See Palmer*, Pl.'s Compl. at p. 10, ¶¶ 52-53, No. 2023-cv-903069.00 (Cir. Ct. Jefferson Cnty., Ala. (Birmingham Div.), Aug. 30, 2023).

[3] *See Palmer*, Pl.'s Compl., No. 2023-cv-903069.00 (Cir. Ct. Jefferson Cnty., Ala. (Birmingham Div.), Aug. 30, 2023).

[4] *See Palmer*, Service Return, No. 2023-cv-903069.00 (Cir. Ct. Jefferson Cnty., Ala. (Birmingham Div.), Sept. 11, 2023).

[5] *See Palmer*, Pl.'s Compl. at p. 10, ¶¶ 52-53, No. 2023-cv-903069.00 (Cir. Ct. Jefferson Cnty., Ala. (Birmingham Div.), Aug. 30, 2023).

the Constitution, laws, or treaties of the United States.").[6] Thus, this Court has original subject matter jurisdiction over this case.

6.    This action may be removed to this Court pursuant to 28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").[7]

7.    Pursuant to 28 U.S.C. § 1446(a), Midland has attached copies of all process, pleadings, orders, and other papers served or otherwise filed in the underlying action.[8]

8.    On the date of this filing, and as required by 28 U.S.C. § 1446(d), Midland will provide written notice of the filing of this notice of removal to Plaintiff, and Midland will file a true and correct copy of the same with the Clerk of the Circuit Court of Jefferson County, Alabama (Birmingham Division).

---

[6] *See also* 15 U.S.C. § 1692k(d) (providing that "an action to enforce any liability created by this title may be brought in any appropriate United States district court without regarding to the amount in controversy").

[7] *Cf., e.g.*, *Scheffler v. Gurstel Chargo, P.A.*, 902 F.3d 757, 760 (8th Cir. 2018) (action appropriately removed from state court to federal court where plaintiff's "operative complaint alleged that [defendant] violated his rights under provisions of the FDCPA").

[8] *See* Ex. 1.

9.      No admission of fact, law, or liability is intended by this notice of removal, and all defenses, pleadings, and motions are expressly reserved.

WHEREFORE, Defendant Midland Credit Management, Inc. respectfully provides notice that the above-captioned action is removed to the United States District Court for the Northern District of Alabama (Southern Division).

Respectfully submitted,

One of the Attorneys for Defendant,
Midland Credit Management, Inc.

**OF COUNSEL:**

Jason B. Tompkins
Thomas R. DeBray, Jr.
Balch & Bingham LLP
1901 6th Avenue North, Suite 1500
Birmingham, Alabama 35203

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2023, I served the foregoing and attached via electronic mail and/or U.S. Mail (postage prepaid) on the following:

John G. Watts
M. Stan Herring
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Email: john@wattsherring.com; stan@wattsherring.com

Of Counsel

# Exhibit 1

ELECTRONICALLY FILED
8/30/2023 1:04 PM
01-CV-2023-903069.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01<br><br>Date of Filing:<br>08/30/2023 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BRENDA PALMER v. MIDLAND CREDIT MANAGEMENT, INC.

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

WAT056   8/30/2023 1:04:23 PM   /s/ JOHN GRIFFIN WATTS
_____   _____   _____
   Date   Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO

ELECTRONICALLY FILED
8/30/2023 1:04 PM
01-CV-2023-903069.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| BRENDA PALMER,<br>an individual,<br><br>    Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT<br>MANAGEMENT, INC.;<br>Fictitious Defendants "A", "B" and<br>"C" thereby intending to refer to<br>the legal entity, person, firm or<br>corporation which was responsible<br>for or conducted the wrongful acts<br>alleged in the Complaint; Names of<br>the Fictitious parties are unknown<br>to the Plaintiff at this time but will<br>be added by amendment when<br>ascertained<br><br>    Defendants. | Civil Action No.:<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendant[1] states as follows:

1.    This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act[2], 15 U.S.C. § 1692 et seq. ("FDCPA") by the

---

[1] "Defendant" means all defendants, including fictitiously named defendants.
[2] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts of each statute.

-1-

Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## **PARTIES**

2.   **Plaintiff Brenda Palmer (hereinafter "Plaintiff")** is a natural person who is a resident of Alabama.

3.   **Defendant Midland Credit Management, Inc. (hereinafter "Defendant"),** is a debt collection firm that engages in the business of debt collection.  Its principal business purpose is the collection of defaulted debts, and it uses various instruments of interstate commerce to accomplish debt collection including sending letters, calling on the phone, credit reporting, filing of lawsuits, etc.

4.   **Fictitious Defendants "A", "B" and "C"** thereby intending to refer to the legal entity, person, firm or corporation which was responsible for or conducted the wrongful acts alleged in the Complaint; names of the Fictitious parties are unknown to the Plaintiff at this time but will be added by amendment when ascertained.

5.   Any reference to any **Defendant** refers to all **Defendants** and **Fictitious Defendants**.

## JURISDICTION

6.   Personal jurisdiction exists over **Defendant** as **Defendant** has the necessary minimum contacts with the State of Alabama and this suit arises out of **Defendant's** specific conduct with **Plaintiff** in Alabama.  All the actions described in this suit occurred in Alabama.

## VENUE

7.   Venue is proper as **Defendant** does business in this judicial district.

## FACTUAL ALLEGATIONS

8.   Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.  15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a)   There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b)   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)   **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d)   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)   It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection**

**practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

9. **Plaintiff** allegedly incurred a financial obligation, namely a Credit One credit card that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. **Defendant** is considered a "debt collector" and began engaging in debt collection activities against **Plaintiff**.

11. The primary and principal business of **Defendant** is to collect alleged defaulted debts.

12. At the time that **Defendant** received the alleged debt of **Plaintiff**, the alleged debt was in default.

13. **Defendant** claimed **Plaintiff** owed **Defendant** money.

14. **Defendant** began collection activities against **Plaintiff Palmer** by suing and credit reporting against **Plaintiff Palmer**.


**Defendant Midland sued Plaintiff Palmer over an alleged Credit One debt**

15. **Defendant Midland** sued **Plaintiff Palmer** in District Court (Small Claims) of Jefferson, Alabama with a case number of 68-SM-2021-900305.00 on **April 19, 2023**.

16.    The amount sued for was $1666.31 plus court costs of at least $138.

17.    The debt was described as a Credit One Bank debt in the amount of $1666.31.

18.    The Midland account number was 305403911.

19.    The Credit One account number was listed as XXXXX1001.

20.    **Defendant Midland** claimed the debt was sold to MHC Receivables, LLC who supposedly sold it to Sherman Originator III LLC who supposedly sold it to **Defendant Midland** on **June 19, 2020**.

21.    **Plaintiff Palmer** answered the collection lawsuit and denied owing any money to **Defendant Midland** on **August 10, 2021**.


### The Parties settled the lawsuit with Plaintiff Palmer paying no money to Defendant Midland and the alleged debt is wiped out

22.    On **September 19, 2022**, the parties settled the lawsuit with **Plaintiff Palmer** paying no money to **Defendant Midland**.

23.    In the settlement agreement **Defendant Midland** released **Plaintiff Palmer** on the alleged debt at issue.


### Defendant Midland asked the court to dismiss the case with prejudice

24.    Additionally, on **September 28, 2022**, **Defendant Midland** (represented by counsel) filed a motion to dismiss the collection case with prejudice, costs taxed as paid.

25.     Even though **Defendant Midland** had agreed **Plaintiff Palmer** owed nothing, **Defendant Midland** continued to credit report that **Plaintiff Palmer** owed money and was past due or in collection even after releasing **Plaintiff Palmer** from this alleged debt in **September 2022**.

### Defendant Midland illegally reports to Equifax that Plaintiff Palmer owes money to Defendant Midland

26.     On **November 29, 2022**, **Defendant Midland** reported to Equifax (on its **December 7, 2022,** report) that **Plaintiff Palmer** owed $1,823 on an account that was obtained by **Defendant Midland** ("date opened") on **June 19, 2020**.

27.     The account had an account number ending in 3911.

28.     This is the same account number as listed in the lawsuit.

29.     The lawsuit was for $1,666 and the total amount paid to file the case was $157 per AlaCourt.com.

30.     The total then would be $1,823.

31.     This is the exact amount listed on the Equifax report.

32.     Even though **Defendant Midland** knew **Plaintiff Palmer** did not owe this money and even though **Defendant Midland** had agreed – back in September – to release **Plaintiff Palmer** from any liability on this alleged debt, the credit reporting continued.

33.   The account was to stay on **Plaintiff Palmer**'s credit report until around **October 2026** even though no money was owed to **Defendant Midland**.

### Defendant Midland illegally reports to Experian that Plaintiff Palmer owes money to Defendant Midland

34.   **Defendant Midland** reported to Experian on **November 20, 2022** (on the **December 7, 2022,** Experian report) that **Plaintiff Palmer** owed **Defendant Midland** $1,823.

35.   The account number is listed as 30540XXXX which matches the account number listed in the lawsuit.

36.   **Defendant Midland** falsely claimed the original balance was $1,823 when the lawsuit clearly stated it was $1,666.

37.   **Defendant Midland** falsely claimed the amount owed as of **November 29, 2022**, was $1,823.

38.   **Defendant Midland** falsely reported to Experian that this account was in Collections in October and November of 2022 when **Defendant Midland** released **Plaintiff Palmer** in September 2022.

39.   The original creditor is listed as Credit One which is the same as the lawsuit.

40.   **Defendant Midland** instructed Experian to keep this account on **Plaintiff Palmer**'s credit report until at least August 2026 even though no money was owed.

### Defendant Midland illegally reports to Trans Union that Plaintiff Palmer owes money to Defendant Midland

41. **Defendant Midland** falsely reported this debt to Trans Union on **November 29, 2022** (on Trans Union's **December 7, 2022,** report) that **Plaintiff Palmer** owed **Defendant Midland**.

42. The balance is listed as $1,823.

43. The past due is listed as $1,823.

44. **Defendant Midland** told Trans Union to keep this account on **Plaintiff Palmer**'s Trans Union's account until around October 2026 even though **Defendant Midland** knew no money was owed.

45. All of this reported information is false as **Defendant Midland** released **Plaintiff Palmer** from this alleged debt back in **September 2022**.

46. The account number is listed as 30540XXXX and the original creditor is listed as Credit One Bank, both of which match the lawsuit allegations.

### Court dismissed with prejudice the lawsuit, but Midland continued to credit report and collect the non-existent debt

47. On **December 14, 2022**, District Court Judge Debra Winston granted the motion by **Defendant Midland** and dismissed the case with prejudice.

48. Still, **Defendant Midland** continued to credit report to one or more of the credit reporting agencies -- Equifax, Experian, and Trans Union – that

**Plaintiff Palmer** owed money to **Defendant Midland** and that **Plaintiff Palmer** was delinquent and in collection with **Defendant Midland**.

49. All credit reporting by **Defendant Midland** was false, it knew the reporting was false, or should have known the credit reporting was false.

50. All of the above-described actions by **Defendant Midland** and collection agents of **Defendant Midland** were made in violation of the FDCPA.

51. **Plaintiff Palmer** has suffered actual damages because of these illegal actions by **each Defendant** in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions (and **Plaintiff Palmer** had physical manifestations of such emotions), damage to credit, economic loss, as well as suffering from unjustified and abusive invasions of personal privacy.  All such damages have been suffered in the past, are continuing to be suffered, and such damages will continue in the future.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

52.    The acts and omissions of **Defendant Midland** and its agents constitute

numerous and multiple violations of the FDCPA (and Regulation F) with

respect to **Plaintiff Palmer**, including, but not limited to, violations of 1692d,

1692e, 1692e(8), 1692e(10), 1692f and 1692f(1).

53.    As a result of **Defendant**'s violations of the FDCPA, **Plaintiff Palmer** is

entitled to damages including actual/compensatory/statutory damages and

reasonable attorney's fees and costs from **Defendant**.

## **PRAYER FOR RELIEF**

**WHEREFORE**, **PREMISES CONSIDERED, Plaintiff Palmer** prays that judgment be entered against each and every **Defendant** (including **Defendant Midland**) for all damages allowable, costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**/s/ John G. Watts**
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

### **PLAINTIFF DEMANDS A TRIAL BY JURY**

**Serve defendant via certified mail at the following address:**

**Midland Credit Management, Inc.**
**c/o CORPORATION SERVICE COMPANY INC**
**641 SOUTH LAWRENCE STREET**
**MONTGOMERY, AL 36104**

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-903069.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BRENDA PALMER V. MIDLAND CREDIT MANAGEMENT, INC.

**NOTICE TO:** MIDLAND CREDIT MANAGEMENT, INC., C/O CORPORATION SVC CO 641 SOUTH LAWRENCE ST., MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of BRENDA PALMER pursuant to the Alabama Rules of the Civil Procedure. *[Name(s)]*

| 08/30/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.  /s/ JOHN GRIFFIN WATTS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in County,

*(Name of Person Served)*  *(Name of County)*

Alabama on .

*(Date)*

*(Type of Process Server)*  *(Server's Signature)*  *(Address of Server)*

*(Server's Printed Name)*  *(Phone Number of Server)*



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BRENDA PALMER V. MIDLAND CREDIT MANAGEMENT, INC.

01-CV-2023-903069.00

To:  CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $16.11

Parties to be served by Certified Mail - Return Receipt Requested

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

MIDLAND CREDIT MANAGEMENT, INC.                          Postage: $16.11
C/O CORPORATION SVC CO
641 SOUTH LAWRENCE ST.
MONTGOMERY, AL 36104

Parties to be served by First Class Mail

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MIDLAND CREDIT MANAGEMENT, INC.
C/O CORPORATION SVC CO
641 SOUTH LAWRENCE ST.
MONTGOMERY, AL 36104

9590 9402 8290 3094 1598 40

2. Article Number (Transfer from service label)

9589 0710 5270 0495 1141 35

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

S/C

CV-23-903069

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

9589 0710 5270 0495 1141 35

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)     $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required        $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MIDLAND CREDIT MANAGEMENT, INC.

C/O CORPORATION SVC CO

641 SOUTH LAWRENCE ST.

MONTGOMERY, AL 36104



9590 9402 8290 3094 1598 40

2. Article Number *(Transfer from service label)*

9589 0710 5270 0495 1141 35

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

S/C

CV-23-903069

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Mail
- ☐ Mail Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☒ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

**USPS TRACKING #**

9590 9402 8290 3094 1598 40



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

**SEP 08 2023**

JACQUELINE ANDERSON SMITH
CLERK

* Sender: Please print your name, address, and ZIP+4® in this box•

JACQUELINE ANDERSON SMITH, CLERK
ROOM 400 JEFF CO COURTHOUSE
716 RICHARD ARRINGTON JR BLVD., NO.
BIRMINGHAM, ALABAMA 35203